UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL STRONG,

      Plaintiff,

v.                                           22-CV-552 (JLS)

WILLIAM WATSON, BRIAN D.
SEAMAN, SUSAN BJORNHOLM,
JOHN PHILLIPS, MUNICIPAL CITY
OF LOCKPORT, MUNICIPAL
NIAGARA COUNTY, J. HAYES,
IRONS-RINDFLEISCHM, BRANDY
DENOTE, AND THE STATE OF NEW
YORK,

      Defendants.
_____

## DECISION AND ORDER

Pro se plaintiff Paul Strong brings claims related to criminal charges allegedly pending against him in state court. Strong moved for a Temporary Restraining Order ("TRO") (Dkt. 4).[1] For the reasons that follow, his Motion is DENIED.

## BACKGROUND

Strong commenced this action on July 15, 2022, asserting various claims against Defendants Susan Bjornholm, Brandy Denote, J. Hayes, Irons-

---

[1] Two motions to dismiss Strong's Amended Complaint remain pending before this Court. See Dkt. 25, 32.

Rindfleischm, Municipal Niagara County, John Phillips, Brian D. Seaman (collectively, the "County Defendants"),[2] Municipal City of Lockport, The State of New York, and William Watson. Dkt. 1. Strong subsequently filed an Amended Complaint. Dkt. 6.

In the Amended Complaint, Strong alleges that he was "originally arrested and charged by felony complaint on September 25, 2020." *Id.* at 6. He claims that Defendants brought "false charges of welfare fraud and larceny" against him because he included his daughter in his "household SNAP application." *Id.* According to Strong, Defendants "sought to reduce the charges to misdemeanor charges" but "failed to follow mandatory procedures" in doing so. *Id.* at 6-7. Strong alleges that the charging instrument was "forged" and "cannot constitute a legally sufficient prosecutor's information." *Id.* at 7. He further alleges that he is "being harassed by state court actors who lack jurisdiction in a misdemeanor criminal prosecution" and that he is "suffering irreparable harm and possible separation from [his] family." *Id.*

The Amended Complaint sets forth 12 causes of action. *See id.* at 3-12. Strong believes that there is a "lack of jurisdiction of the defendants to force [him]

---

[2] The County Defendants indicate that their correct identities are: Brian D. Seaman (Niagara County District Attorney), Susan Bjornholm (Assistant District Attorney, Niagara County), John Philipps (Assistant District Attorney, Niagara County), the County of Niagara, Jonathan Hayes (Social Services Worker), Amanda Irons-Rindfleisch (Niagara County Sheriff Investigator), and Brandy Denote (Social Services Worker). *See* Dkt. 25, at 7.

2

to stand trial" and requests that this Court "enjoin the state court prosecution." *Id.* He also seeks compensatory and punitive damages. *See id.* at 13.

On September 12, 2022, Strong filed an application for a TRO. Dkt. 4. Strong states that he "believe[s] that both the defendant Judge Watson and the defendant prosecutors clearly lack jurisdiction" in the pending prosecution against him "and have acted defiantly and obviously without jurisdiction to prosecute [him] at all costs." *Id.* at 3. He argues that, because Defendants "clearly have no good faith hope of obtaining a legally valid conviction on the jurisdictionally defective misdemeanor prosecutorial instrument," he is entitled to "federal court intervention to enjoin the state criminal prosecution." *Id.* at 4. He further explains that Watson "scheduled [Strong] to again appear in front of [Watson] on September 14, 2022" in an effort to "continue to harass [Strong] and violate [his] rights." *Id.* at 5.

Strong requests that this Court issue an order enjoining: (1) his September 14, 2022, appearance before Watson; (2) the "state prosecution on the misdemeanor charge" pending against Strong; and (3) any prosecution "on charges of failure to appear in court" before Watson. *Id.* at 6.[3]

## DISCUSSION

Before "ruling on the merits of Plaintiff's Motion for a temporary restraining order, the Court must address whether it must abstain from granting the relief

---

[3] Strong filed a supplemental letter in support of his TRO application. *See* Dkt. 14. The County Defendants, the State of New York, and the Municipal City of Lockport opposed Strong's TRO application. Dkt. 26, 28, 35. Strong then filed a reply. Dkt. 36, 37.

3

requested in Plaintiff's Motion." *Stagliano v. Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264, 270 (N.D.N.Y. 2015).

The crux of this case is Strong's allegation that Defendants allegedly acted in concert beginning in September 2020 to prosecute him wrongfully for welfare fraud. In his TRO application, Strong seeks an injunction staying the state prosecution before Watson, claiming that the prosecution violates his federally protected rights.

In *Younger,* the Supreme Court instructed that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Although "federal courts have the power to enjoin state criminal proceedings 'when absolutely necessary for protection of constitutional rights . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate.'" *Johnson v. Horowitz,* No. 22-CV-0325(JS)(AYS), 2022 WL 683755, at *2 (E.D.N.Y. Mar. 7, 2022) (quoting *Younger*, 401 U.S. at 45). *Younger* abstention is "mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003).

Here, all conditions of *Younger* abstention are satisfied. First, Strong alleges that a state criminal proceeding is ongoing—*i.e.*, a misdemeanor prosecution against him in Lockport City Court. *See generally* Dkt. 6. Second, the proceeding

4

implicates an important state interest, namely, the administration of criminal justice. *See Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) ("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one"); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir.1988) ("[t]here is no question that [an] ongoing prosecution implicates important state interests"). Third, the state court affords Strong ample opportunity for review of his constitutional claims. There is no indication that Strong has been tried or convicted at this time. Thus, Strong may raise his constitutional claims during the pendency of his criminal matter and by direct appeal. *See May v. Levy*, No. 21CV3586KAMLB, 2022 WL 3220359, at *2 (E.D.N.Y. July 29, 2022) ("Plaintiff's remedy for erroneous decisions in her criminal proceeding, should there be any, 'would be via the state-court appellate process, not via this Court's intervention'") (quoting *Weinstein v. Miller,* No. 21-CV-4543 (CS), 2021 WL 3038370, at *4 (S.D.N.Y. July 15, 2021)).

At least one other court in this circuit has found the that *Younger* criteria were satisfied under similar circumstances. *See, e.g., Campanella v. City of Cohoes*, No. 1:10-CV-1392, 2010 WL 4810673, at *2 (N.D.N.Y. Nov. 19, 2010) (denying *pro se* Plaintiff's TRO application because "[a]ll three of the *Younger* factors are present here. First, there is a pending state proceeding—the criminal proceeding in the Cohoes City Court in which Plaintiff seeks to enjoin Judge Maguire from presiding over the case. Second, the underlying proceeding implicates an important state interest, namely, the prosecution of a crime or some other violation in the Cohoes

City Court. Third, the state court affords Plaintiff an adequate opportunity for judicial review of his federal constitutional claim related to Judge Maguire's refusal to recuse himself").

There are, however, "two tightly defined exceptions to the *Younger* abstention doctrine, the 'bad faith' exception and the 'extraordinary circumstances' exception." *Jackson Hewitt Tax Serv. Inc. v. Kirkland*, 455 F. App'x 16, 18 (2d Cir. 2012) (internal citation omitted). A plaintiff "seeking to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies." *Id.* To "establish that the bad faith exception to *Younger* applies," the plaintiff "must show that 'the party bringing the state action [has] no reasonable expectation of obtaining a favorable outcome,' *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir.1994), but rather brought the proceeding with 'a retaliatory, harassing, or other illegitimate motive.'" *Jackson Hewitt Tax Serv. Inc.*, 455 F. App'x at 18 (quoting *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002)). And as to the "extraordinary circumstances" exception, the plaintiff must satisfy "two predicates"—namely: "(1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; *and* (2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene." *Diamond "D" Const. Corp.* 282 F.3d at 191 (quoting *Trainor v. Hernandez*, 431 U.S. 434, 441–42 & n.7 (1977)) (emphasis in original).

Here, Strong fails to establish that an exception applies. He states that he believes Defendants "lack jurisdiction in this matter and have acted defiantly and

6

obviously without jurisdiction to prosecute" him. *See* Dkt. 4, at 3. He also claims that Watson continues to "harass" him and "violate" his "civil rights," but the only concrete example he provides is that Watson allegedly scheduled him to appear in court. *See id.* at 5. Strong explains that Watson "continues to order" him to "appear before him and threatens to issue a warrant for" his arrest if he fails to appear. *See* Dkt. 14, at 1.

These allegations "are too conclusory and barebones to serve as the factual predicate for a plausible finding of bad faith." *DeMartino v. New York State Dep't of Lab.*, 167 F. Supp. 3d 342, 356 (E.D.N.Y. 2016), *aff'd in part, dismissed in part*, 712 F. App'x 24 (2d Cir. 2017). Strong sets forth no facts suggesting that any defendant lacks a "reasonable expectation of obtaining a favorable outcome" with respect to the state proceeding or brought the proceeding based on an improper motive. *See Jackson Hewitt Tax Serv. Inc.*, 455 F. App'x at 18. Nor does he explain how the state court cannot adequately remedy the alleged constitutional violation or identify any "great and immediate" harm he will suffer absent federal court intervention.

There is nothing exceptional about this state court prosecution. For all of these reasons, *Younger* abstention is required. *See Del Valle Hernandez v. U.S. Fam. Ct. of Bronx Cnty.*, 107 F.3d 2 (2d Cir. 1997) ("The 'bad faith/harassment' exception to Younger abstention is 'narrow,' and conclusory allegations are insufficient to bring a case within the exception") (internal citation omitted); *Weinstein v. Vill. of Briarcliff Manor*, No. 21-CV-1996(CS), 2021 WL 1063763, at *3 (S.D.N.Y. Mar. 17, 2021) ("Here, Plaintiff asks the Court to intervene in her ongoing

criminal proceedings and related competency proceedings. Beyond her conclusory assertions of retaliation and conspiracy, Plaintiff has alleged no specific facts showing bad faith, harassment, or irreparable injury with respect to her pending state-court criminal proceeding. The Court will therefore not intervene in Plaintiff's ongoing state-court proceedings and denies her motions for emergency injunctive relief. Plaintiff's remedy, if the state court erred, lies with the state appellate process"). Because *Younger* abstention applies, the Court does not address the merits of Strong's TRO motion (Dkt. 4).

## CONCLUSION

For the reasons discussed above, Strong's application for a TRO (Dkt. 4) is DENIED.

SO ORDERED.

Dated:   January 23, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE