

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

PAUL STRONG,                                    1:22-CV-00552 JLS (MJR)

                                                REPORT AND
                                                RECOMMENDATION
                          Plaintiff,

        v.

WILLIAM WATSON, et al.,

                          Defendants.

———————————————————

        This case has been referred to the undersigned pursuant to Section 636(b)(1) of

Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr. (Dkt. No. 5)

Before the Court are (1) a motion to dismiss the amended complaint by defendants

Niagara County, Brian D. Seaman, Susan Bjornholm, John Phillipps, Jonathan Hayes,

Amanda Irons-Rindfleischm, and Brandy Denote (the "County defendants") and (2) a

motion to dismiss the amended complaint by the State of New York.[1] (Dkt. Nos. 25, 32)

For the following reasons, it is recommended that the State of New York's motion to

dismiss the amended complaint be granted and that the complaint be dismissed, as to

the State of New York, with prejudice. It is also recommended that plaintiff's claims

against Judge Watson be dismissed, sua sponte, and with prejudice. Lastly, it is

recommended that the County defendants' motion to dismiss be granted, but that

---

[1] Plaintiff has also named the City of Lockport and Lockport City Court Judge William Watson
and as defendants in this lawsuit. (Dkt. No. 6) The City of Lockport filed an answer to the
amended complaint on December 12, 2022. (Dkt. No. 27) Judge Watson has not been served
with the amended complaint and therefore has not appeared in this lawsuit.

plaintiff be permitted leave to replead certain portions of the amended complaint as described below.

## LEGAL STANDARD

In order to state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). When reviewing a complaint in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible on its face", *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Supreme Court has further instructed that "[d]etermining whether a complaint states a plausible claim for relief...requires the...court to draw on its judicial experience and common sense[.]" *Bell Atl. Corp.*, 550 U.S. at 679.

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."). However, even a *pro se* complaint will be dismissed if it does not contain "sufficient factual matter, accepted as true, 'to

state a claim to relief that is plausible on its face'." *Ashcroft*, 556 U.S. at 678; *quoting Bell Atl. Corp.*, 550 U.S. at 570.

"In deciding a motion to dismiss, the court may consider any written documents that are attached to the complaint, incorporated by reference, or integral to it." *Lillico v. Roswell Park Comprehensive Cancer Ctr.*, 21-CV-836, 2023 WL 1784670 at *4, n. 7 (W.D.N.Y. Feb. 6, 2023); *accord Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004). Where a document is not incorporated by reference, the court may nonetheless rely on it "where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Alvarez v. County of Orange*, 95 F. Supp. 39 385, 394 (S.D.N.Y. 2015); *accord DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). In addition, "[c]ourts may take judicial notice of public documents and matters of public record." *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 294 (S.D.N.Y. 2018).[2]

## THE COMPLAINT

*Pro se* plaintiff Paul Strong commenced this action on July 15, 2022, alleging numerous civil rights violations arising from his criminal prosecution for welfare fraud and larceny in Lockport City Court.[3] (Dkt. Nos. 1, 6) The gravamen of Strong's claim is

---

[2] In his response to the motions to dismiss the amended complaint, Strong argues that because defendants have "submitted matters outside the pleadings," their motions must be treated as ones for summary judgment pursuant to Federal Rule of Civil Procedure 12(b). Defendants have not submitted matters outside the pleadings and the Court has not considered any material outside of the pleadings. Instead, the Court has considered only the amended complaint, documents integral to the complaint, or documents that are a matter of public record. Thus, there is no basis to convert the instant motions to dismiss to motions for summary judgment.

[3] Plaintiff filed his initial complaint on July 15, 2022 (Dkt. No. 1) and an amended complaint on September 28, 2022. (Dkt. No. 6) On October 14, 2022, Judge Sinatra issued a text order acknowledging that the County defendants accepted service of the amended complaint and finding that the amended complaint would therefore serve as the operative complaint against them. (Dkt. No. 12) New York State's motion to dismiss is specifically directed as against the amended complaint. (Dkt. No. 33, pg. 2) Thus, the Court treats the amended complaint (Dkt. No. 6) as the operative pleading for purposes of the instant motions to dismiss.

that defendants conspired together and with malicious intent to pursue false criminal charges against him. (Dkt. No. 6) Strong has sued Lockport City Court Judge William Watson; Niagara County District Attorney Brian Seaman; Niagara County Assistant District Attorneys Susan Bjornholm and John Phillips; the City of Lockport; Niagara County; Social Services Workers Jonathan Hayes and Brandy Denote; and Niagara County Sheriff's Investigator Amanda Irons-Rindfleischm. (*Id.*)

The amended complaint is not a model of clarity. The facts alleged therein, which must be accepted as true for purposes of this motion, are as follows. On September 25, 2020, Strong was arrested and charged, by felony complaint, with welfare fraud and larceny. (*Id.* at pgs. 4-6) The sole basis for these charges was that Strong included his daughter, Zhane Strong, who was eighteen years old at the time, in his application for Supplemental Nutrition Assistance Program ("SNAP") benefits. (*Id.*) Defendants knew that Zhane Strong was eligible for SNAP benefits and further knew that it was appropriate and lawful for Strong to include his daughter on his SNAP benefits application. (*Id.*) Despite knowing that Strong had not committed any crime, defendants conspired to bring false charges against Strong that were not supported by probable cause. (*Id.* at pg. 6) Defendants also forced him to appear in court on September 25, 2020 and on numerous other occasions based on these false charges. (*Id.* at 8)

More than one year passed and no grand jury voted to indict Strong. (*Id.* at pg. 5) Defendants then sought to reduce the charges. (*Id.* at pg. 7) To that end, defendants "fraudulently altered…the felony claims to a lesser misdemeanor claim." (*Id.*) Defendants failed to "follow mandatory procedures" in doing so. (*Id.* at pg. 7)

4

Defendants knew that the misdemeanor charges were fraudulent, jurisdictionally defective, and not supported by probable cause. (*Id.* at 8) However, defendants knowingly conspired to pursue the false charges. (*Id.*) In furtherance of this conspiracy, defendants submitted "fraudulent affidavits and complaints" which failed to state a crime. (*Id.* at 5) The "prosecutor" not only "failed to state a crime and facts to support a crime" but also presented documents "forged by handwriting and deletions on the original sworn felony complaint." (*Id.* at pg. 7) Defendants acted with racial animus and their conduct was "motivated, in part, by racism targeting a Black African American Father and his family and depriving them of equal rights under the law." (*Id.* at pg. 12)

Lockport City Court Judge William Watson issued a warrant for Strong's arrest on June 1, 2022. (*Id.* at pg. 10) Strong was arrested on September 1, 2022, without probable cause, for "failure to appear." (*Id.*) Judge Watson issued the arrest warrant without probable cause and "knowing full well that he [was] completely without jurisdiction." (*Id.* at 12) The other defendants knew of the wrongful acts committed by Judge Watson but did nothing to stop him. (*Id.*)

Based on these allegations as well as the statutes and legal authority cited in the complaint, it appears that Strong is attempting to assert the following causes of action: (1) conspiracy to deprive plaintiff of equal protection under the law, based on racial discrimination, against all defendants, in violation of 42 U.S.C. § 1985(3); (2) interference with plaintiff's constitutional rights to a speedy trial, due process, and equal protection, against all defendants, in violation of 42 U.S.C. § 1983; (3) arrest and prosecution without probable cause, against all defendants, in violation of 42 U.S.C. § 1983; (4) malicious prosecution, against all defendants, in violation of 42 U.S.C. § 1983;

(5) kidnapping, against Judge Watson, in violation of 18 U.S.C. § 1202; (6) failing to prevent a conspiracy to interfere with plaintiff's civil rights, against all defendants, in violation of 42 U.S.C. § 1986; and (7) interference with plaintiff's entitlement to equal rights under the law, against all defendants, in violation of 42 U.S.C. § 1981(a). (*Id.*) Plaintiff also refers to 42 U.S.C. § 1982 as a basis for his lawsuit. (*Id.* at pg. 1) Strong further asks the Court to enjoin the ongoing state prosecution against him, based on "bad faith harassment and lack of jurisdiction." (*Id.* at pg. 5)

## PLAINTIFF'S MOTION FOR A TRO

On September 12, 2022, Strong filed an application for a temporary restraining order ("TRO") enjoining or stopping his criminal prosecution in Lockport City Court. (Dkt. No. 4) He argued that because defendants "clearly have no good faith hope of obtaining a legally valid conviction on the jurisdictionally defective misdemeanor prosecutorial instrument," he is entitled to "federal court intervention to enjoin the state criminal prosecution." (*Id.* at pg. 4) Strong indicated that he was scheduled to appear before Judge Watson on September 14, 2022 and that this was an attempt to "continue to harass [Strong] and violate [his] rights." (*Id.* at pg. 5) Strong requested that this Court enjoin: (1) his September 14, 2022 appearance before Judge Watson; (2) the state court misdemeanor charges pending against him; and (3) any prosecution "on charges of failure to appear in court" before Judge Watson. (*Id.* at pg. 6)

On January 23, 2023, the District Court denied Strong's request for a TRO. (Dkt. No. 39) Judge Sinatra ruled that Strong's request was barred by the abstention doctrine set forth by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 45 (1971). On January 30, 2023, Strong filed, with the Second Circuit Court of Appeals, a notice of

interlocutory appeal of the District Court's denial of his TRO request. (Dkt. No. 41) The Second Circuit dismissed Strong's appeal on August 31, 2023, finding that it "lack[ed] an arguable basis in either fact or law." (Dkt. No. 46)

## STATUS OF STRONG'S STATE CRIMINAL CHARGES

On August 21, 2023, this Court issued an order instructing the County defendants to submit an explanation as to the status of Strong's state court criminal charges. (Dkt. No. 44) On August 22, 2023, the County defendants submitted a letter to the Court indicating that the state criminal charges were still pending against Strong and that Strong had failed to appear for an October 12, 2022 appearance in Lockport City Court. (Dkt. No. 45) Defendants included a copy of a bench warrant for Strong's arrest, issued by Judge Watson on October 17, 2022. (*Id.*) The warrant indicates that the following criminal charges remain pending against Strong in Lockport City Court: (1) offering a false instrument for filing (2nd degree), in violation of NY Penal Law § 175.30; (2) petit larceny, in violation of NY Penal Law § 155.25; and (3) welfare fraud (5th degree), in violation of NY Penal Law § 158.05. (*Id.*)

## DISCUSSION

### *Request to Enjoin State Criminal Proceedings is Barred by Younger.*

To the extent that Strong continues to seek injunctive relief in the form of an order from this Court enjoining the ongoing state criminal prosecution against him, his request should be denied for the same reasons cited by the District Court in denying Strong's request for a TRO.

In *Younger v. Harris*, the Supreme Court instructed that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to

issue such injunctions." 401 U.S. 37, 45 (1971). *Younger* abstention is "mandatory when (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). The District Court found that all conditions of *Younger* were satisfied at the time it denied Strong's request for a TRO. (Dkt. No. 39) Those conditions continue to be present and necessitate the denial of Strong's request, in the amended complaint, to enjoin the criminal proceedings pending against him in Lockport City Court.

First, the amended complaint alleges that there is an ongoing misdemeanor prosecution pending against Strong in Lockport City Court. (Dkt. No. 6) There is no information before the Court to indicate that this proceeding has been resolved or terminated. In fact, the October 17, 2022 bench warrant issued by Judge Watson confirms that the criminal charges against Strong remain pending and that the state proceeding is ongoing.[4] Next, Judge Sinatra found that the state proceeding implicates an important state interest, namely, the administration of criminal justice. *See* Dkt. No. 39, pg. 5; *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) ("There is no question that [an] ongoing prosecution implicates important state interests."). Third, there is no indication that Strong has been tried or convicted, and the state court affords Strong ample opportunity for review of his constitution claims. Indeed, Judge Sinatra explained that Strong may pursue his constitutional claims during the pendency of his criminal matter and by direct appeal. *See* Dkt. No. 39, pg. 5; *May v. Levy*, 21-CV-3586, 2022

---

[4] The bench warrant is a matter of public record, and therefore the Court may consider it on a motion to dismiss. *Gaston v. Ruiz*, 17-CV-1252, 2018 U.S. Dist. LEXIS 112695 (E.D.N.Y. July 3, 2018)

U.S. Dist. LEXIS 135323 (E.D.N.Y. July 29, 2022) ("Plaintiff's remedy for erroneous decisions in her criminal proceeding, should there be any, would be via the state-court appellate process, not via this Court's intervention.") (internal citations and quotations omitted).

There are "two tightly defined exceptions to the *Younger* abstention doctrine," namely the 'bad faith exception' and the 'extraordinary circumstances' exception." *Jackson Hewitt Tax Serv. Inc. v. Kirkland*, 455 F. App'x 16, 18 (2d Cir. 2012) (internal citations omitted). To establish bad faith, a plaintiff must show that "the party bringing the state action [has] no reasonable expectation of obtaining a favorable outcome…but rather brought the proceeding with a retaliatory, harassing, or other illegitimate motive." *Id.* (internal citations and quotations omitted). In order to show "extraordinary circumstances," a plaintiff must demonstrate "(1) that there be no state remedy available to meaningfully, timely and adequately remedy the alleged constitutional violation; and (2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191 (2d Cir. 2002); *accord Trainor v. Hernandez*, 431 U.S. 434, 441-42 & n.7 (1977) (emphasis included).

Judge Sinatra already considered Strong's allegations in this case and found them "too conclusory and barebones" to establish bad faith. (Dkt. No. 39, pg. 7) Indeed, the amended complaint contains wholly conclusory assertions. It is devoid of any specific facts to suggest that any defendant lacked "a reasonable expectation of obtaining a favorable outcome" in the state criminal proceeding or that any defendant initiated the proceeding with an improper motive. Likewise, the amended complaint

does not explain how the state court cannot adequately remedy the alleged constitutional violations nor does it identify any "great and immediate harm" Strong will suffer absent federal court intervention.

For these reasons and for all of the reasons stated by the District Court in its Decision and Order denying plaintiff's motion for a TRO (Dkt. No. 39), the Court finds that the *Younger* abstention doctrine precludes plaintiff's request, in the amended complaint, that this Court enjoin the state criminal proceedings pending against him in Lockport City Court.

### *The State of New York is Immune from Suit.*

It is well established that "[t]he 11th Amendment bars suit in federal court against a state or its agencies, unless the state has waived immunity to suit or Congress has validly abrogated its immunity." *Keitt v. New York City*, 882 F. Supp. 2d 412, 447 (S.D.N.Y. 2011); *citing Huang v. Johnson*, 251 F.3d 65, 69-70 (2d Cir. 2001). *See also Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]").

The State of New York has not waived the defense of sovereign immunity in this case, nor has it otherwise consented to suit, in federal court, under either § 1983 or any of the other federal statues listed in the amended complaint. *See Huang v. Johnson,* 251 F.3d 65, 70 (2d Cir. 2001) ("Importantly for present purposes, the State of New York has not waived its sovereign immunity from § 1983 claims in federal court."); *Keitt*, 882 F. Supp. 2d 412, 424 (S.D.N.Y. 2011) (Section 1983, 1985, and 1986 claims as against

the State of New York and its agencies were barred by the 11th Amendment). Moreover, Congress has not abrogated the states' immunity under these same statues. *Kisembo v. NYS Office of Children and Family Services*, 285 F. Supp. 3d 509, 519 (N.D.N.Y. Feb. 1, 2018). *See also Swanhart v. New York*, 20 Civ. 6819, 2022 U.S. Dist. LEXIS 53632 (S.D.N.Y. Mar. 24, 2022) (Congress did not abrogate states' immunity when it enacted §§ 1981, 1983, 1985, 1986 and State of New York has also not consented to suit in federal court under these statutes); *Silva v. Farrisch*, 18-CV-3648, 2019 U.S. Dist. LEXIS 3531 (E.D.N.Y. Jan. 7, 2019) ("Eleventh Amendment precludes jurisdiction over…claims for monetary damages under 42 U.S.C. §§ 1981 and 1982" against a "state entity.").

For these reasons, plaintiff's claims against the State of New York are barred by sovereign immunity and should be dismissed in their entirety.

### *Sua Sponte Dismissal of Judge Watson Based on Judicial Immunity.*

As noted previously, plaintiff has not served Judge Watson and, therefore, Judge Watson has not appeared in this lawsuit. Nevertheless, the Court recommends dismissal of all claims against this defendant.

Ordinarily, *sua sponte* dismissal of a *pro se* plaintiff's complaint prior to service being effectuated on a defendant is disfavored. *See Lewis v. New York*, 547 F.2d 4, 5 (2d Cir. 1976). However, courts within the Second Circuit have not hesitated to dismiss *sua sponte* claims brought by fee-paying *pro se* plaintiffs when it is clear such claims "present no arguably meritorious issue for [the court's] consideration." *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995) (holding appellate court has authority to *sua sponte* dismiss a frivolous appeal brought by a fee-paying *pro se* plaintiff); *Fitzgerald v. First East*

*Seventh Street Tenants*, 99 Civ. 675996, 1999 WL 675996 (S.D.N.Y. Aug. 31, 1999) (dismissing *sua sponte* fee-paying *pro-se* plaintiff's claims that were found to be frivolous).[5]

To that same end, "in cases of judicial immunity, a Court may dismiss a complaint, *sua sponte*, without affording a hearing or other notice of dismissal." *Rolle v. Shields*, 16-CIV-2487, 2016 U.S. Dist. LEXIS 71330 (E.D.N.Y. June 1, 2016), *aff'd*, 2017 WL 6759305 (2d Cir. Apr. 26, 2017). *See also Tapp v. Champagne,* 164 F. App'x 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of § 1983 claims against judges protected by absolute immunity); *Rolle v. Berkowitz*, 03 Civ. 7120, 2004 U.S. Dist. LEXIS 2035 (S.D.N.Y. Feb. 11, 2004) (*sua sponte* dismissal of fee-paying *pro se* plaintiff's claims against judge assigned to preside over plaintiff's state court case on the basis that plaintiff's claims were barred by judicial immunity).

It is clear from the face of plaintiff's amended complaint that his claims against Judge Watson cannot be maintained. Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). This absolute judicial immunity is not overcome by allegations of bad faith or malice, *Mirales*, 502 U.S. at 11, nor can a judge "be deprived of immunity because the action he took was in error … or was in excess of his authority." *Courtney v. Farneti*, 22-CV-2425, 2023 U.S. Dist. LEXIS (E.D.N.Y. Mar. 20, 2023); *accord Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "[I]f the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005). All of the actions attributable to Judge

---

[5] Plaintiff has paid the filing fee in this lawsuit.

Watson in the amended complaint are judicial in nature and within his jurisdiction as a Lockport City Court Judge.

Thus, the claims against Judge Watson should be dismissed *sua sponte* and in their entirety, on the basis of absolute judicial immunity. *See McAllan v. Malatzky*, 97 Civ. 8291, 1998 WL 24369, *5-6 (S.D.N.Y. Jan. 22. 1998) (fee-paying *pro-se* plaintiff's claims which were barred by the doctrine of judicial immunity "presented no arguably meritorious issue" and thus could be dismissed *sua sponte*).[6]

### The District Attorney Defendants are Immune from Suit.

Plaintiff has sued Niagara County District Attorney Brian Seaman as well as Niagara County Assistant District Attorneys Susan Bjornholm and John Phillips (the "DA defendants"). A prosecutor is entitled to absolute immunity from suit in his or her individual capacity for actions taken in preparing to prosecute and prosecuting a case. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993).[7] Notably, prosecutorial immunity is broad and encompasses "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Opuku v. Cty. of Suffolk*, 123 F. Supp. 3d 404, 416 (E.D.N.Y. 2015). For example, prosecutorial immunity covers such functions as "deciding whether to bring charges and presenting a case to a grand jury or a court,

---

[6] In addition to asserting § 1983 and various other civil rights claims against Judge Watson, Strong also attempts to bring a claim against Judge Watson "under the Federal Kidnapping Statute (18 USC § 1201)." This claim appears to be based on Strong's arrest, on September 1, 2022, pursuant to a warrant signed by Judge Watson. There is no civil or private cause of action under 18 U.S.C. § 1202.

[7] To the extent that plaintiff is attempting to sue the DA defendants in their official capacities, those claims are barred by Eleventh Amendment immunity. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *D'Alessandro v. City of New York*, 713 Fed. Appx. 1 (2d Cir. 2017) ("[I]f a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity.")

along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas," *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013), and deciding "whether and when to drop charges," *Oudekerk v. Doe 1*, 5:23-cv-00288, 2023 WL 3267908, at *4 (May 5, 2023). "This immunity attaches to conduct in court, as well as conduct 'preliminary to the initiation of a prosecution and actions apart from the courtroom.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012); *quoting Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976).

The vast majority of the allegations in plaintiff's amended complaint are directed at all named defendants generally. Plaintiff does not explain which specific actions were undertaken by which defendant, nor does he describe what specific role each DA defendant had in his state criminal prosecution. However, what remains clear is that *all* of the allegations in the amended complaint are based upon the filing, and continued pursuit, of allegedly false criminal charges against Strong in Lockport City Court. Plaintiff also alleges that the "prosecutors" failed to state facts to support a crime, and that they submitted false or forged documents in support of the criminal charges.

"The initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005). Thus, any role that the DA defendants had in the actions referred to in the amended complaint are protected by absolute immunity. *See Kravtchouk v. City of New*, 16-CV-4787, 2019 U.S. Dist. LEXIS 173982 (E.D.N.Y. Sep. 30, 2019) (prosecutor's alleged actions in investigating and reviewing [plaintiff's] records, and in subsequently directing his arrest and prosecution…fall within the reasonable functions of a prosecutor" and defendant was "entitled to absolute immunity from suit in her individual capacity on

[plaintiff's] false arrest, malicious prosecution, § 1983, and § 1985 [claims]"). It is of no moment whether the DA defendants properly followed the law or whether the charges against Strong were supported by probable cause. *Bernard v. Cty. of Suffolk,* 356 F.3d 495, 503 (2d Cir. 2004) ("Certainly, racially invidious or partisan prosecutions, pursued without probable cause, are reprehensible, but such motives do not necessarily remove conduct from the protection of absolute immunity.)[8]

Moreover, absolute immunity applies here regardless of Strong's claims that the DA defendants filed false, fraudulent, or forged documents in support of the criminal charges. *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995). *See Bruno v. City of New York*, 17 Civ. 7552, 2019 U.S. Dist. LEXIS 26095, (S.D.N.Y. Feb. 19, 2019) (the alleged falsification of evidence is considered a prosecutorial activity for which absolute immunity applies). Absolute immunity also applies notwithstanding Strong's claims that the DA defendants acted with improper and discriminatory motives. *See Shmueli*, 424 F.3d at 237 ("prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive"); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, regardless of motivation).

---

[8] It is noted that "when a prosecutor…performs the investigative functions normally performed by a detective or police office, he [or she] is eligible only for qualified immunity." *Smith v. Garretto*, 147 F.3d 91, 94 (2d Cir. 1998). The amended complaint is devoid of any allegations that the DA defendants performed any investigatory functions normally performed by law enforcement. Instead, the amended complaint contains only allegations regarding the filing of the initial felony charges and the later pursuit of misdemeanor charges based upon the same alleged conduct. These are quintessential prosecutorial functions and "the amended complaint's generalized allegations fail to adequately allege that [any of the defendant prosecutors] functioned in any way that would prevent immunity from attaching." *Scalpi v. Town of Fishkill*, 14-CV-2126, 2016 U.S. Dist. LEXIS 24697 (S.D.N.Y. Feb. 26, 2016).

The amended complaint contains some conclusory allegations that defendants acted "without jurisdiction" and that the misdemeanor charges were "jurisdictionally defective." Prosecutors are not entitled to absolute immunity where they proceed "in the clear absence of all jurisdiction." *Shmueli*, 424 F.3d at 237. The scope of a prosecutor's jurisdiction is determined by "whether the pertinent statutes may have authorized prosecution for the charged conduct." *Id.* The amended complaint alleges that Strong was charged with welfare fraud and larceny based, at least in part, on representations made in his SNAP benefits application. Plaintiff presents no facts to suggest that the relevant New York penal law statutes did not permit prosecution for the charged conduct, and his vague and conclusory allegations are plainly insufficient for this Court to make any such inference. *See Bender v. City of N.Y.*, 09-CV-3286, 2011 U.S. Dist. LEXIS 103947 (S.D.N.Y. Sept. 14, 2011) ("[c]onclusory allegations that defendants went beyond the scope of their jurisdiction, without authority of law[,] are insufficient to withstand a motion to dismiss."). For these reasons, all claims against the DA defendants should be dismissed in their entirety based on prosecutorial immunity.

### *Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983.*

Having determined that all claims against the State of New York, Judge Watson, and the DA defendants should be dismissed, the Court turns to analyze the sufficiency of plaintiff's claims with respect to Niagara County and the remaining individual County defendants, namely Social Services Worker Hayes, Social Services Worker Denote, and Sheriff's Investigator Irons-Rindfleischm. Plaintiff's § 1983 claims are based upon allegations of false arrest, malicious prosecution, denial of a speedy trial, conspiracy,

denial of equal protection, and denial of due process. For the following reasons, plaintiff has failed to state a viable § 1983 claim under any of these theories.

*False Arrest*

As noted above, the allegations in the amended complaint are not a picture of clarity. As it is required to do, the Court has attempted to read plaintiff's allegations liberally and to draw all inferences in his favor. Strong alleges that defendants "acted without probable case" when he was arrested and charged with welfare fraud and larceny on September 25, 2020. Strong also alleges that his arrest on September 1, 2022 for "failure to appear" was without probable cause. Thus, the Court assumes that plaintiff is attempting to assert a false arrest claim.

"In analyzing a § 1983 claim for unconstitutional false arrest, [courts] have generally looked to the law of the state in which the arrest occurred." *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004). To prevail on a false arrest claim under New York law, a plaintiff must show that (1) the defendant intended to confine him; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012). Confinement is privileged when the arrest is supported by probable cause. *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003).

*The September 1, 2022 Arrest*

When an arrest is made pursuant to a facially valid warrant, there is a presumption that it was made with probable cause. *Martinetti v. Town of New Hartford Police Dep't*, 112 F. Supp. 2d 251, 252-53 (N.D.N.Y. 2000). This presumption "can be rebutted only by a showing of fraud, perjury, or the misrepresentation or falsification of

evidence." *Id.* (internal quotation marks omitted). Thus, a plaintiff can demonstrate that his constitutional rights were violated where the officer submitting the probable cause affidavit in support of an arrest warrant "knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit" or omitted material information, and that such false or omitted information was "necessary to the finding of probable cause." *Soares v. Connecticutt*, 8 F.3d 917 (2d Cir. 1993) (internal citations omitted).

The amended complaint indicates that Strong's arrest on September 1, 2022 was effectuated pursuant to a warrant signed by Judge Watson for "failure to appear." Thus, a presumption arises that the arrest was supported by probable cause. Plaintiff offers no explanation as to why the warrant was invalid on its face nor does he allege any facts from which the Court could plausibly infer the existence of fraud, perjury, or the misrepresentation or falsification of evidence in obtaining the warrant.[9] Thus, plaintiff has failed to sufficiently allege that his September 1, 2022 arrest was without probable cause and therefore was not privileged.

### *Personal Involvement of Individual Defendants*

"It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Therefore, to succeed on a § 1983 claim based on a Fourth Amendment violation grounded in false arrest, plaintiff must

---

[9] Indeed, Strong makes some general allegations that the documents submitted in support of his pending charges of welfare fraud and larceny were false or fraudulent. However, even if these allegations were sufficient, they appear to relate to plaintiff's underlying misdemeanor charges and not his arrest on September 1, 2022 for failure to appear before Judge Watson.

allege plausible facts to show or infer that defendants were directly involved in his arrest. *Rodriguez v. City of New York*, 649 F. Supp. 2d 301 (S.D.N.Y. 2009).

Here, Strong fails to allege any facts demonstrating that Social Worker Hayes, Social Worker Denote, or Sheriff's Investigator Irons-Rindfleischm either participated in, or directed, his arrest on September 25, 2020 for welfare fraud and larceny. He likewise fails to allege that Hayes, Denote, or Irons-Rindfleischm either participated in, or directed, his arrest on September 1, 2022 for failure to appear.[10] Because the amended complaint is devoid of allegations from which to infer personal involvement by any individual defendant in either of Strong's arrests, the false arrest claim should be dismissed. *See Rodriguez*, 649 F. Supp. 2d at 305-06 (dismissing complaint for failure to state a claim where defendants were not shown to have directed or participated in plaintiff's arrest); *Hillary v. St. Lawrence Cty.*, 8:17-CV-659, 2019 U.S. Dist. LEXIS 31720 (N.D.N.Y. Feb. 28, 2019) (false arrest claims dismissed where complaint contained no facts from which to infer that any of the individual defendants arrested plaintiff or directed that an officer arrest him).[11]

---

[10] The Court notes that while it has already recommended that the DA defendants be dismissed on the basis of absolute immunity, plaintiff has also failed to allege that any of the DA defendants either participated in, or directed, plaintiff's arrests on either September 25, 2020 or September 1, 2022.

[11] Strong alleges that Irons-Rindfleischm "brought the charges." Strong also attached, to his initial complaint, misdemeanor informations signed by Irons-Rindfleischm, which accuse Strong of welfare fraud and offering a false instrument for filing. (Dkt. No. 1, pgs. 16-18). Without any further detail as to how Irons-Rindfleischm was involved in Strong's arrest, the claim fails for lack of personal involvement. *See Nunez v. City of New York*, 14-CV-4182, 2016 U.S. Dist. LEXIS 44678 (S.D.N.Y. Mar. 31, 2016) (granting motion to dismiss false arrest claim on grounds of lack of personal involvement where officers were only alleged to have investigated potions of the case, but were not alleged to have been involved in arrest); *Dallas v. Goldberg*, 95 Civ. 9076, 2000 U.S. Dist. LEXIS 10949 (S.D.N.Y. Aug. 2, 2000) ("[P]laintiff cannot assert a false arrest claim against [officer] based [only] on the criminal complaint that she signed."); *Cruz v. City of New York*, 232 F. Supp. 3d 438, 455 (S.D.N.Y. 2017) (finding insufficient personal involvement where officer merely transported Plaintiff to precinct, processed him, signed complaint, and was listed in arrest records).

_Malicious Prosecution_

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must . . . establish the elements of a malicious prosecution claim under state law." _Frost v. New York City Policy Dep't_, 980 F.3d 231, 242 (2d Cir. 2020); _quoting Manganiello v. City of New York_, 612 F.3d 149, 160-61 (2d Cir. 2010). Accordingly, the claim requires: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." _Id._ (internal quotation marks omitted). It is well established that a claim for malicious prosecution does not arise until the underlying charges are dismissed in the plaintiff's favor. _Beckett v. Inc. Vill. of Freeport_, 11-CV-2163, 2014 U.S. Dist. LEXIS 45605 (E.D.N.Y. Mar. 31, 2014)

Here, the amended complaint states that misdemeanor charges of welfare fraud and larceny are pending against Strong in Lockport City Court, and that his criminal prosecution is ongoing. Likewise, the October 17, 2022 bench warrant indicates that plaintiff's criminal charges remain pending. Because favorable termination is an element of a malicious prosecution claim, Strong cannot state a claim because his relevant criminal proceeding remains pending. _See Sabino v. Port Auth. Police Dep't_, 21-CV-5731, 2021 U.S. Dist. LEXIS 166073 (S.D.N.Y. Sept. 1, 2021).

The Court rejects Strong's argument that the charges were terminated in his favor because the grand jury did not indict him with respect to the felony complaint. It is alleged that after deciding not to pursue felony charges, defendants filed and continued to pursue misdemeanor charges against Strong based on the same conduct alleged in

the felony complaint. Thus, it cannot be said that the charges have been terminated in plaintiff's favor, and the malicious prosecution claim must be dismissed on this basis. *See Thompson v. Grey*, 08-CV-4499, 2009 U.S. Dist. LEXIS 75563 (E.D.N.Y. Aug. 26, 2009) ("Plaintiff's subsequent conviction on re-submitted practically identical charges bars his section 1983 action [for malicious prosecution].") *Fernandez v. City of New York*, 02 Civ. 8195, 2003 U.S. Dist. LEXS 13122 (S.D.N.Y. July 29, 2003) (no favorable termination where both charges against plaintiff originated from the same course of conduct and he was convicted of one charge and acquitted of the other); *Corley v. Vance*, 15 Civ. 1800, 2015 U.S. Dist. LEXIS 92837 (S.D.N.Y. June 22, 2015) (dismissal of state charges not a favorable termination where plaintiff was arrested on federal charges arising out of the same events and conduct underlying the state charges).

### *Speedy Trial*

In order to adequately plead claims under § 1983 that he was denied his Sixth Amendment right to a speedy trial, a plaintiff must allege that the state court criminal proceedings terminated in his favor. *Montane v. Pettie*, No. 10-CV-4404, 2012 U.S. Dist. LEXIS 65312 (E.D.N.Y. May 8, 2012). Thus, for the same reason that Strong's malicious prosecution claim fails, his Sixth Amendment claim for denial of a speedy trial also fails. *Id.* (denying § 1983 speedy trial claim where plaintiff's criminal proceeding was still pending and, therefore, he could not allege that it terminated in his favor). *See also Davis v. New York*, 90 Civ. 6170, 2003 U.S. Dist. LEXIS 5352 (S.D.N.Y. Apr. 2, 2003) (dismissing speedy trial claim where plaintiff could not show that his conviction had been invalidated).

*Conspiracy*

To adequately assert a conspiracy claim under § 1983 a plaintiff must allege: (1) an agreement between two or more state actors or between a state actor and private actor; (2) to act in concert to inflict an unconstitutional injury on plaintiff; and (3) an overt act committed in furtherance of that goal causing damages. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). To maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003). "[C]omplaints containing only conclusory, vague, or general allegations that defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* at 110-11; *accord Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993).

Plaintiff's complaint wholly fails to assert any factual allegations plausibly alleging an agreement or conspiracy among defendants. Instead, it merely states, with no supporting information or detail of any kind, that defendants conspired to bring false charges against him. Such general and conclusory allegations are plainly insufficient to state a conspiracy claim. *See Giles v. Fitzgerald*, 5:20-CV-0980, 2020 U.S. Dist. LEXIS 199421 (N.D.N.Y. Oct. 27, 2020) (dismissing § 1983 conspiracy where the only allegations supporting plaintiff's claim was use of the word "conspiracy"); *Corsini v. Brodsky*, 731 Fed. App'x 15, 18 (2d Cir. 2018) (affirming dismissal of § 1983 conspiracy claim because plaintiff made only threadbare recitals of the elements); *Arredondo v. County of Nassau*, 11-CV-710, 2012 U.S. Dist. LEXIS 36156 (E.D.N.Y. Mar. 16, 2012)

(dismissing complaint where plaintiff made only general allegations that the defendants had an understanding, without any facts to support the claim).

### Equal Protection

"To state a violation of the Equal Protection Clause, a plaintiff must allege that he or she was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 590-91 (S.D.N.Y. 2015). Here, plaintiff does not allege that he was treated differently from any identified individuals, let alone individuals who he claims were similarly situated to him in any respect. Thus, his equal protection claim fails as a matter of law. *Peterkin v. Saratoga Cty.*, 19-CV-21, 2019 U.S. Dist. 216374 (N.D.N.Y. Dec. 17, 2019) (dismissal of equal protection claims where plaintiff failed to allege facts plausibly suggesting that other persons similarly situated were treated differently than plaintiff).

### Due Process

Plaintiff generally claims that defendants violated his due process rights. It is unclear whether he is alleging the violation of his procedural or substantive due process rights, or both, so the Court addresses both.

Here, Strong's substantive and/or procedural due process claims are all predicated on the exact same factual basis as his claims for malicious prosecution, false arrest, speedy trial violations, and denial of equal protection. Because Strong's due process claims are merely duplicative of his other claims that are explicitly covered by the Fourth, Sixth, and Fourteenth Amendments, he cannot bring an additional claim for violation of his right to substantive or procedural due process under the Fourteenth Amendment. *See Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005) ("[P]laintiff's substantive

due process claim is either subsumed in her more particularized allegations raising First Amendment and Equal Protection Clause claims, or must fail."); *Levantino v. Skala*, 56 F. Supp. 3d 191, 203 (E.D.N.Y. 2014) (collecting cases) (dismissing plaintiff's procedural due process claims predicated upon same factual basis as false arrest and false imprisonment claims). Thus, to the extent that Strong is attempting to bring either a substantive or procedural due process claim, those claims must be dismissed as duplicative.

### *Monell Liability*

To state a *Monell* claim against a municipality, a plaintiff must allege: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted). A plaintiff may also plead a *Monell* claim by alleging that their constitutional injury was the result of a failure to train or supervise that amounts to deliberate indifference to the rights of those with whom the municipality's employees interact. *Id.* at 195. To establish "deliberate indifference," a plaintiff must show that: (1) a policymaker knows "to a moral certainty" that employees will confront a particular situation; (2) the situation either presents the employee with "a difficult choice of the sort that training or supervision will make less difficult" or "there is a history of employees mishandling the situation;" and (3) "the wrong choice by the [] employee will frequently cause the deprivation of a citizen's constitutional rights." *Id.* In other words, a municipality may not be liable under § 1983 "by application of the doctrine of respondeat superior." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986).

The amended complaint fails to establish the elements of a *Monell* claim. Strong has not identified any policy or custom, promulgated by Niagara County, which resulted in the violation of any of his constitutional rights. Plaintiff has likewise failed to allege any facts at all to demonstrate deliberate indifference on the part of Niagara County, or any of its policymaking officials, which caused him to be deprived of any of his constitutional rights. *Harley v. City of New York*, 14-CV-5452, 2016 U.S. Dist. LEXIS 16641 (E.D.N.Y. Feb. 10, 2016) (*Monell* claim dismissed where plaintiff failed to allege "any facts to establish that a City policy or practice was the 'moving force' behind his arrest, or that his constitutional injuries were caused by an official City policy [and] [p]laintiff further fail[ed] to allege any facts describing…purported inadequacies in the City's training, or any nexus between any such purported inadequacies and the constitutional violations he alleges give rise to his claims."); *Forrest v. Cnty. Of Greene*, 1:22-CV-276, 2023 U.S. Dist. LEXIS 98824 (N.D.N.Y. June 7, 2023) (dismissing *Monell* claim where plaintiff fails to allege any facts from which a specific policy, practice, custom, or usage could be inferred).

Thus, to the extent that plaintiff is attempting to assert claims of false arrest, malicious prosecution, conspiracy, speedy trial violations, denial of equal protection, and/or denial of due process rights against Niagara County, his allegations are plainly insufficient to state a claim under *Monell*.[12]

---

[12] Further, for all the reasons previously stated, plaintiff has not sufficiently alleged a violation of any of his constitutional rights under § 1983. Thus, his *Monell* claims are subject to dismissal on this ground as well. *See Lopez v. City of New York*, 19 Civ. 3887, 2021 U.S. Dist. LEXIS 24560 (S.D.N.Y. Feb. 9, 2021) (holding that "because Plaintiff has failed to allege a constitutional violation, his claim against the City necessarily fails"); *Yousef v. Cty. of Westchester*, 19 Civ. 1737, 2020 U.S. Dist. LEXIS 74231 (S.D.N.Y. Apr. 28, 2020) (stating in the motion to dismiss context that "[t]he Court need not address *Monell* liability because the underlying constitutional claim does not survive").

## Plaintiff Fails to State a Claim Under 42 U.S.C. § 1985(3).

To state a claim for conspiracy under 42 U.S.C. 1985(3), a plaintiff must allege "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). A § 1985(3) "conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (internal quotation marks and citation omitted).

As explained above with respect to the § 1983 claim, Strong has failed to sufficiently allege that defendants engaged in a conspiracy to bring false or fraudulent criminal charges against him. Moreover, plaintiff has failed to allege any specific facts to suggest that defendants acted with discriminatory motivation or animus. Instead, Strong makes only general and boilerplate allegations that defendants acted with "racial animus" and that they were motivated by "racism targeting Black African American Father." Such general and conclusory assertions are insufficient to state a claim. *See Bird v. Cnty of Westchester*, 20-CV-10076, 2022 U.S. Dist. LEXIS 111672 (S.D.N.Y. June 23, 2022) (granting motion to dismiss Section 1985 conspiracy claim where "[p]laintiff merely alleges in a conclusory fashion that the County Defendants acted with 'racially discriminatory prejudice' when searching him.").

### _Plaintiff Fails to State a Claim Under 42 U.S.C. § 1981._

To state a claim under Section 1981, a plaintiff must allege the following elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." _Mian v. Donaldson, Lufkin & Jenrette Sec. Corp._, 7 F.3d 1085, 1087 (2d Cir. 1983). The enumerated activities are "make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property[.]" 42 U.S.C.A. § 1981. Further, to state a discrimination claim under § 1981, a plaintiff "must sufficiently allege that defendants acted with discriminatory intent." _Burgis v. New York City Dep't of Sanitation_, 798 F.3d 63, 68 (2d Cir. 2015).

Here, the amended complaint does not allege a contractual relationship between Strong and any of the defendants. The amended complaint also does not explain how defendants are alleged to have discriminated against Strong with respect to any other activity enumerated in the statute. Additionally, Strong alleges only that defendants acted with "racial animus" and that they were motivated by "racism targeting Black African American Father." Such general and conclusory allegations of racial discrimination are insufficient to state a claim under § 1981. _See also Babiker v. Ross Univ. Sch. of Med._, 98 CV 1429, 2000 WL 666342, at *4 (S.D.N.Y. May 19, 2000), _aff'd_, 86 F. App'x 457 (2d Cir. 2004) ("Mere conclusory allegations of discrimination do not suffice to support a § 1981 claim.") (citation omitted). Thus, this claim should be dismissed.

### *Plaintiff Fails to State a Claim Under 42 U.S.C. § 1986.*

Section 1986 provides that any "person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do" shall be liable to the injured party. *See* 42 U.S.C. § 1986. A § 1986 claim "must be predicated on a valid Section 1985 claim and, in the absence of such a predicate claim, must be dismissed." *Cater v. N.Y.*, 316 F. Supp. 3d 660, 672 (S.D.N.Y. 2018); *accord Brown v. City of Oneonta*, 221 F.3d 329 (Oct. 26, 1999). Since Strong has failed to plead a valid § 1985 claim, his claim brought under § 1986 must also be dismissed.

### *Plaintiff Fails to State a Claim Under 42 U.S.C. § 1982*.

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. "To prevail on a section 1982 claim, [a] plaintiff[] must show that (1) [he is a] member[] of a racial minority; (2) the defendant intended to discriminate against [him] on the basis of race; and (3) the discrimination involved one or more activities enumerated in the statute." *Okudinani v. Rose*, 779 F. App'x 768, 771 (2d Cir. 2019). A claim arises under § 1982 "when a citizen is not allowed to acquire property because of color." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1016 (2020).

The amended complaint references § 1982 but alleges no facts whatsoever that would support a claim under this statue. Thus, to the extent plaintiff is attempting to assert a cause of action under § 1982, the claim must be dismissed.

28

### _The Majority of Plaintiff's Claims are Premature._

For the foregoing reasons, this Court finds that the amended complaint fails to sufficiently state a cause of action under §§ 1981, 1982, 1983, 1985(3) or 1986. However, even if plaintiff had stated a valid claim under any of these statutes, the majority of plaintiff's causes of actions should still be dismissed as premature because his state criminal prosecution remains pending.

The allegations in the amended complaint make clear that Strong is challenging the validity of his pending criminal prosecution. In _Heck v. Humphrey_, the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 484 (1994); _see also Wilkinson v. Dotson_, 544 U.S. 74, 81-82 (2004) (_Heck's_ bar applies regardless of whether a plaintiff pursues monetary or injunctive relief). "Subsequently, the Supreme Court and the Second Circuit extended _Heck's_ reach to section 1983 lawsuits brought during criminal prosecutions." _Dawson v. Lippiccolo_, 590 F. Supp. 3d 514, 517 (E.D.N.Y. 2022); _accord Smalls v. Collins_, 10 F. 4th 117, 137 (2021).

Following the Supreme Court's decision in _McDonough v. Smith_, 139 S. Ct. 249, 2157-58 (2019), the Second Circuit observed that "[a]lthough the _McDonough_ plaintiff's claims did not fall within _Heck_ because, unlike the plaintiff in _Heck_, he had been

acquitted and there was therefore no outstanding conviction, the Supreme Court decided that the 'pragmatic considerations' underlying the *Heck* rule apply with equal force to 'ongoing' criminal proceedings." *Smalls*, 10 F.4th at 137; *quoting McDonough*, 139 S. Ct. at 2157-58. "As *Heck* explains, malicious prosecution's favorable-termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough*, 139 S. Ct. at 2156-57.

Here, all of Strong's § 1983 claims, with the exception of his false arrest claim, are barred by *Heck*.[13]  Strong's claims of malicious prosecution, conspiracy, speedy trial violations, denial of due process, and denial of equal protection all seek to impugn the validity of his underlying state court criminal charges. Moreover, the underlying state prosecution is still ongoing. Thus, these claims must be dismissed as premature. *See Dawson*, 590 F. Supp. 3d at 517 (dismissing plaintiff's § 1983 claim pursuant to *Heck* because it challenges his pending criminal prosecution and seeks damages and dismissal of the state criminal charges); *Rech v. Siragusa*, 6:23-CV-6039, 2023 U.S. Dist. LEXIS 47668 (W.D.N.Y. Mar. 3, 2023) (where it was clear to the court that plaintiff was trying, for a second time, to challenge his pending criminal prosecution in a § 1983 action, "any claims that would render invalid [p]laintiff's conviction and confinement would…be barred by *Heck*"); *Nussbaumer v. Nesbitt*, 11-CV-6331, 2011 U.S. Dist. LEXIS 117537, at *2 (W.D.N.Y. October 7, 2011) (dismissing as premature, pursuant to *Heck*, due process, equal protection, and malicious prosecution claims related to

---

[13] In *Wallace v. Kato*, 549 U.S. 384, 389 (2007), the Supreme Court ruled that the *Heck* doctrine does not apply to false arrest claims. *See Fifield v. Barrancotta*, 353 Fed. App'x 479, 480-8 (2d Cir. 2009) ("Fourth Amendment claims for unlawful arrest…do not ordinarily fall within the *Heck* rule, since a finding for the plaintiff would not necessarily "demonstrate the invalidity of any outstanding criminal judgment against the plaintiff[.]").

plaintiff's conviction); *Parker v. Robenski*, 6:13-CV-668, 2015 U.S. Dist. LEXIS 85468 (N.D.N.Y. July 1, 2015) (granting plaintiff relief on his conspiracy claims would impugn the validity of his state court conviction and therefore those claims are barred by *Heck*); *Corley v. Vance*, 15 Civ. 1800, 2015 U.S. Dist. LEXIS 92837 (S.D.N.Y. June 22, 2015) (dismissing Section 1983 claim premised on plaintiff's Sixth Amendment speedy trial claim because it necessarily implicated the validity of his conviction).

Further, each of plaintiff's causes of action in this case turn on the asserted existence of a conspiracy to bring false or fraudulent charges of welfare fraud and larceny against him. Thus, deciding in his favor on any of them would call into question the validity of his pending state criminal prosecution. *Heck* therefore applies not only with respect to plaintiff's § 1983 claims but also with respect to his §§ 1981, 1985(3) and 1986 claims as well. *Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999) (holding that *Heck* applies to plaintiff's § 1983 claim and also to his §§ 1981, 1985(3) and 1986 claims because the existence of a conspiracy would necessarily question the validity of plaintiff's conviction). *See also Cruz v. Reilly*, 08-CV-1245, 2009 U.S. Dist. LEXIS 73065 (E.D.N.Y Aug. 18, 2009) (dismissing plaintiff's Section 1983 conspiracy claims "under the rule announced in *Heck* even if they were brought pursuant to 42 U.S.C. §§ 1985 and/or 1986").

There is an open question in this Circuit as to whether *Heck* applies to cases, like this one, where a plaintiff is not in custody.[14] *See Poventud v. City of New York*, 750 F.3d 121, 125 n. 1 (2d Cir. 2014) (It remains an open question "whether a plaintiff who

---

[14] The record before the Court indicates that Strong was not incarcerated when he filed either the initial or the amended complaint in this lawsuit. It also appears from the record that he is not presently incarcerated. However, as noted before, there is an outstanding bench warrant for Strong's arrest.

challenges his allegedly unconstitutional conviction or incarceration, but is no longer in custody and therefore has no access to habeas, has recourse to a federal remedy under § 1983."). However, cases addressing this issue mostly involve plaintiffs who have been convicted of a criminal offense and, for various reasons, such as custodial status, have no access to federal habeas relief. *See Webster v. Himmelbach*, 271 F. Supp. 3d 458, 469 (W.D.N.Y. 2017) ("[T]he Second Circuit has recognized that the *Heck* rule would not bar a Section 1983 claim in certain situations where habeas relief was unavailable") (collecting cases); *Palmenta v. Blank*, 3:18-CV-1078, 2018 U.S. Dist. LEXIS 160779, (D. Conn. Sept. 20, 2018) ("Many courts in this Circuit have permitted [§ 1983] claims when the claimant either was unable to pursue habeas relief, despite due diligence, or was in custody for too brief a period of time to pursue habeas relief as a matter of law."); *Floyd v. Rosen*, 21-CV-1668, 2022 U.S. Dist. LEXIS 83754 (S.D.N.Y. May 9, 2022) ("Courts have held that *Heck* does not bar § 1983 claims when habeas is unavailable, such as when the plaintiff is no longer in custody and thus ineligible for § 2254 relief.").

The Court does not have to decide this issue at this time. Strong's criminal prosecution is ongoing and it is unknown whether Strong will ultimately be convicted and incarcerated. Unlike the cases discussed above, there are no facts before the Court to indicate that should Strong be convicted, federal habeas relief would be unavailable to him. Indeed, disposition of cases on *Heck* grounds warrants only dismissal without prejudice. *Amaker*, 179 F.3d 48 (2d Cir. 1999).[15] Thus, if Strong's pending criminal case terminates without a conviction, Strong may refile his lawsuit and the *Heck* bar may not

---

[15] "[W]here the viability of the plaintiff's claim depends on his conviction being invalidated, the statute of limitations begins to run upon the invalidation, not the time of the alleged government misconduct." *Amaker*, 179 F.3d at 52.

apply. Should Strong be convicted of the pending charges and sentenced to prison, federal habeas relief, as well as other avenues of challenging the conviction, will likely be available to him at that time. In such a scenario, Strong's federal civil suit may be reinstated in the event that his conviction is "expunged by executive order, declared otherwise invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 50; *accord Heck*, 512 U.S. at 487. In the alternative, should Strong be convicted, and should habeas relief be unavailable to him, either due to his custodial status or for some other reason, he may attempt to refile his lawsuit with specific allegations as to why it is not barred by *Heck*. The Court may address this issue, if necessary, at that time.

In sum, Strong's claims, with the exception of false arrest, should be dismissed as premature, at least until the conclusion of his pending state court criminal prosecution. Such a result is necessary to "avoid[] parallel criminal and civil litigation over the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough*, 139 S. Ct. at 2156-57.

### Dismissals With or Without Prejudice and Leave to Replead

When a complaint has been dismissed, permission to amend it "shall be freely given when justice so requires." Fed. Civ. P. 15(a). While it is the usual practice to allow a plaintiff leave to replead, a court may dismiss a claim without leave to amend when amendment would be futile. *Oneida Indian Nation of New York v. City of Sherill*, 337 F.3d 139, 168 (2d Cir. 2003). Stated another way, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that

"better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

The Court has found that plaintiff's claims against the State of New York should be dismissed based on Eleventh Amendment immunity and that his claims against Judge Watson and the DA defendants should be dismissed based upon absolute judicial and prosecutorial immunity. The problem with these claims cannot be remedied by a second pleading, and therefore the Court recommends dismissal with prejudice. *See Tolino v. New York*, 364 Fed. Appx. 708, 711 (2d Cir. 2010) (unpublished opinion) (*pro se* plaintiff's § 1983 claims against defendants with Eleventh Amendment immunity were properly dismissed without leave to amend because "[a]ny amendment would be futile"); *Best v. Schecter*, 12-CV-6142, 2013 U.S. Dist. LEXIS 4141 (E.D.N.Y. Jan. 10, 2013) ("[B]ecause of absolute immunity, any attempt to amend would be futile...[a]s such, these claims are dismissed with prejudice.").

The Court has found that plaintiff has failed to state a claim under § 1982 (discrimination with regard to acquiring and holding property). The Court finds that the problem with this cause of action is substantive, that it is based on meritless legal theories, and that amendment would be futile. Therefore, the Court recommends that plaintiff's § 1982 claim be dismissed with prejudice.

The Court has found that plaintiff's § 1983 false arrest claims, which are not barred by *Heck*, should be dismissed for failure to state a claim. A court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015). While the Court

is skeptical that plaintiff will ultimately be able to sufficiently assert a false arrest claim against any of the remaining defendants, the Court will give plaintiff one more opportunity to attempt to assert this claim. Thus, the Court recommends that this cause of action be dismissed without prejudice, and that plaintiff be granted leave to replead his § 1983 false arrest claim as against Niagara County, Social Workers Hayes and Denote, and Sheriff's Investigator Irons-Rindfleischm.

The Court finds that the remainder of plaintiff's claims, namely his remaining § 1983 claims, as well as his claims under §§ 1981, 1985(3), 1986, as against Niagara County, Social Workers Hayes and Denote, and Sheriff's Investigator Irons-Rindfleischm, should be dismissed both for failure to state a claim and because they are barred by *Heck*. Thus, the Court recommends that these claims be dismissed without prejudice but without leave to replead until such time as (1) plaintiff's state criminal prosecution has been terminated and no conviction has resulted; (2) plaintiff is convicted in the state criminal prosecution and his conviction is expunged by executive order, declared otherwise invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus; or (3) plaintiff's state criminal prosecution has been terminated and he can otherwise demonstrate that the *Heck* bar does not apply. It is noted that should plaintiff replead these remaining claims, he will also need to cure the substantive deficiencies that have been identified herein, or his new pleading will be subject to dismissal for failure to state a claim.

## CONCLUSION

For the foregoing reasons, it is recommended that the State of New York's motion to dismiss be granted (Dkt. No. 32), and that the complaint be dismissed as to the State of New York with prejudice. It is recommended that all claims against William Watson be dismissed *sua sponte* and with prejudice. It is recommended that the County defendants' motion to dismiss be granted (Dkt. No. 25) in following manner: (1) that all claims against Brian D. Seaman, Susan Bjornholm, and John Phillips be dismissed with prejudice; (2) that plaintiff's claims under 42 U.S.C. § 1982 be dismissed with prejudice; (3) that plaintiff's 42 U.S.C. § 1983 false arrest claim as against Niagara County, Jonathan Hayes, Brandy Denote, and Amanda Irons-Rindfleischm be dismissed without prejudice and with leave to replead; and (4) that plaintiff's remaining 42 U.S.C. § 1983 claims, as well as his 42 U.S.C. § 1981, 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 claims as against Niagara County, Jonathan Hayes, Brandy Denote, and Amanda Irons-Rindfleischm be dismissed without prejudice but without leave to replead until such time as his state criminal prosecution has ended and the other conditions discussed herein have been met.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).*

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

Dated:      September 26, 2023
            Buffalo, New York


                                    MICHAEL J. ROEMER
                                    United States Magistrate Judge