UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL STRONG,

    Plaintiff,

v.

WILLIAM WATSON, BRIAN D.
SEAMAN, SUSAN BJORNHOLM,
JOHN PHILLIPS, MUNICIPAL CITY
OF LOCKPORT, MUNICIPAL
NIAGARA COUNTY, J. HAYES,
IRONS-RINDFLEISCHM, BRANDY
DENOTE, AND THE STATE OF NEW
YORK,

    Defendants.

22-CV-552 (JLS) (MJR)

---

## DECISION AND ORDER

*Pro se* plaintiff Paul Strong commenced this action on July 15, 2022. Dkt. 1. He asserts various claims against Defendants Susan Bjornholm, Brandy Denote, J. Hayes, Irons-Rindfleischm, Niagara County, John Phillips, Brian D. Seaman (collectively, the "County Defendants"),[1] Municipal City of Lockport, the State of New York, and William Watson related to state criminal charges allegedly pending

---

[1] The County Defendants indicate that their correct identities are: Brian D. Seaman (Niagara County District Attorney), Susan Bjornholm (Assistant District Attorney, Niagara County), John Philipps (Assistant District Attorney, Niagara County), the County of Niagara, Jonathan Hayes (Social Services Worker), Amanda Irons-Rindfleisch (Niagara County Sheriff Investigator), and Brandy Denote (Social Services Worker). *See* Dkt. 25 at 7.

against Plaintiff. *See id.* Plaintiff subsequently filed an Amended Complaint. Dkt. 6.

On December 12, 2022, the County Defendants moved to dismiss the Amended Complaint. Dkt. 25. The State of New York then moved to dismiss on December 15, 2022. Dkt. 32.[2] On January 9, 2023, Plaintiff filed an affidavit (Dkt. 37) along with a memorandum (Dkt. 36) arguing that "Defendants' motions to dismiss" are "all lacking in merit as shown by defendants' own submissions and discussions of the applicable laws." Dkt. 37 at 2. The County Defendants replied on January 17, 2023. Dkt. 38. The State of New York did not file a reply.

On January 24, 2023, this Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 40. On September 26, 2023, Judge Roemer issued a Report and Recommendation ("R&R") recommending that this Court: (1) grant the State of New York's [32] motion and dismiss all claims against the State of New York with prejudice; (2) dismiss, *sua sponte*, all claims against Watson with prejudice; and (3) grant the County Defendants' [25] motion with leave to amend certain claims. Dkt. 47.[3]

---

[2] The City of Lockport filed an answer on December 12, 2022. Dkt. 27. Watson has not been served with the Amended Complaint or appeared in this lawsuit.

[3] On November 2, 2023, Judge Roemer issued an Order stating that a letter Plaintiff filed on September 27, 2023 (Dkt. 4) "does not change any of the recommendations" made in the R&R. Dkt. 53.

2

On October 16, 2023, Plaintiff objected to the R&R on the "basis that when the fraudulent felony charge was filed against [him] on September 25, 2020, no crime was stated." Dkt. 51. No response to Plaintiff's objections was filed, and the time to respond has expired. *See* Dkt. 52.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation. For the reasons stated above and in the R&R, this Court GRANTS the State of New York's [32] motion to dismiss. All claims against the State of New York are dismissed with prejudice. In addition, all claims against Watson are dismissed with prejudice.

Moreover, the Court GRANTS the County Defendants' [25] motion to dismiss as recommended and as follows: (1) Plaintiff's claims against Seaman, Bjornholm, and Phillips are dismissed with prejudice; (2) Plaintiff's claims under 42 U.S.C. § 1982 are dismissed with prejudice; (3) Plaintiff's false arrest claim under 42 U.S.C. § 1983 against the County of Niagara, Hayes, Denote, and Irons-Rindfleisch are

3

dismissed with leave to amend; and (4) Plaintiff's remaining Section 1983 claims, as well as his claims under 42 U.S.C. § 1981, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986 against the County of Niagara, Hayes, Denote, and Irons-Rindfleisch are dismissed without prejudice but without leave to replead until such time as his state criminal prosecution has ended and the other conditions discussed in the R&R have been met.

The case is referred back to Judge Roemer consistent with the January 24, 2023 referral order.

SO ORDERED.

Dated:   November 14, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE